UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | Case No. 17-CR-0090(1) (PJS/DTS) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER VICTOR GRUPE, | |
| Defendant. | |

Defendant Christopher Grupe was convicted by a jury of one count of intentional damage to a protected computer in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i). The Court sentenced him to a prison term of one year and one day and a supervised-release term of one year. Grupe's direct appeal is currently pending before the United States Court of Appeals for the Eighth Circuit.

This matter is before the Court on Grupe's motion for a new trial under Fed. R. Crim. P. 33. In general, a motion for a new trial must be filed within 14 days after the verdict, which, in Grupe's case, was returned on October 6, 2017. Fed. R. Crim. P. 33(b)(2). Moreover, Grupe already filed a motion for a new trial, which the Court denied more than seven months ago. ECF No. 91. Grupe, however, purports to base his latest new-trial motion on "newly discovered evidence," so that he can claim the benefit of the three-year limitation period in Rule 33(b)(1).

In his motion, Grupe mainly focuses on the fact that the government decided (months ago) not to seek restitution on behalf of Canadian Pacific Railway ("CP"). According to Grupe, this constitutes newly discovered "evidence" that Grupe did not cause at least $5,000 in loss, which is necessary to establish a felony-level offense. *See* 18 U.S.C. § 1030(c)(4)(A)(i)(I), (c)(4)(B)(i).

Grupe's argument is frivolous. At trial, the government offered ample evidence about the amount of loss caused by Grupe, and the jury found beyond a reasonable doubt that Grupe caused at least $5,000 in loss. *See* ECF No. 64 at 2. The government proved, among other things, that CP paid $12,000 to conduct a damage assessment and that CP lost an estimated $12,000 in staff time that was devoted to investigating and remedying the problems caused by Grupe. ECF No. 91 at 15-17. Grupe is free to argue on appeal—as he did in his previous motion for a new trial—that the evidence at trial was insufficient to support the jury's finding, but the fact that CP or the government have decided not to pursue restitution is irrelevant.

Grupe has also submitted an affidavit and attached exhibits. *See* ECF No. 123-1 at 16-41. Grupe barely mentions these materials in his brief, however, and the Court cannot tell whether Grupe is contending that they constitute newly discovered evidence. With respect to most of the materials,[1] Grupe does not say when or how he

---

[1] It appears that Grupe's counsel obtained at least some of the materials before
(continued...)

obtained them, nor does Grupe establish that he acted diligently in doing so. To the extent that his motion is premised on these materials, therefore, it is denied. *See United States v. Shumaker*, 866 F.3d 956, 961 (8th Cir. 2017) (the moving party must demonstrate that the evidence is in fact newly discovered and that he has been diligent in obtaining it). In addition, the other issues that Grupe mentions in passing—such as the Court's exclusion of his expert witness and whether he has perfected an appeal of his sentence as well as his conviction—are not even purportedly based on newly discovered evidence and thus cannot be raised at this late date. Fed. R. Crim. P. 33(b)(2).

Finally, citing *Kitchen v. United States*, 227 F.3d 1014 (7th Cir. 2000), Grupe argues that he is constitutionally entitled to appointed counsel to assist him with his motion for a new trial. The Court agrees with *United States v. Williamson*, 706 F.3d 405 (4th Cir. 2013), however, that a motion for a new trial that is ostensibly based on newly discovered evidence and that is filed during the pendency of a direct appeal is, in fact, a

---

[1](...continued)
trial. *See* ECF No. 123-1 at 18 ¶ 7; *id.* at 34.

collateral attack on the conviction for which there is no constitutional right to counsel.[2]

*Id.* at 415-18.

The Court also notes that, even if Grupe were otherwise entitled to appointed counsel, he has made no showing that he is financially eligible. To the contrary, although the Eighth Circuit granted his retained counsel's motion to withdraw, the court declined to appoint counsel for him. *See United States v. Grupe*, No. 18-1675 (8th Cir. June 27, 2018). Notably, in his motion to withdraw, Grupe's retained counsel informed the Eighth Circuit that he believes that Grupe has "ample resources" to hire private counsel. Appellant's Renewed Mot. to Withdraw, *United States v. Grupe*, No. 18-1675 (8th Cir. June 22, 2018); *see also* PSR at 13-14, ECF No. 80 (presentence report on Grupe's financial condition stating his net worth). The Court has not inquired further

---

[2]The Eighth Circuit has held that a post-sentencing motion for a new trial under an Arkansas rule of procedure was a "critical stage" to which the right to counsel attached. *See Robinson v. Norris*, 60 F.3d 457 (8th Cir. 1995). The type of motion at issue in *Robinson*, however, appears to be a *pre*-appeal motion, which courts generally agree carries a constitutional right to counsel. *See McAfee v. Thaler*, 630 F.3d 383, 391 (5th Cir. 2011) (citing *Robinson* as an example of a post-trial, pre-appeal motion); *Jackson v. Norris*, 105 F.3d 405, 406 (8th Cir. 1997) (characterizing the type of motion at issue in *Robinson* as "essentially part of proceedings on direct appeal, posttrial proceedings, as opposed to postconviction proceedings"). Here, in contrast, Grupe filed his motion for a new trial more than five months *after* he filed his notice of appeal.

It is true that, in *Kitchen*, the Seventh Circuit treated motions filed *while* appeals were pending as though they had been filed *before* appeals were pending. As stated, however, the Court agrees with the Fourth Circuit that when, as here, a motion for a new trial is filed long after the filing of a notice of appeal, the motion should be considered a collateral attack on the conviction.

into Grupe's finances, given that the Court has already held that, even if Grupe cannot afford to hire counsel, he does not have a constitutional right to have counsel appointed to represent him.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for a new trial [ECF No. 123] is DENIED.

Dated: September 20, 2018            s/Patrick J. Schiltz  
                                                               Patrick J. Schiltz  
                                                               United States District Judge